## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 13 |
| RALPH P. CARUSO | : | |
| | : | CASE NO. 5-08-bk-50972 |
| Debtor | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RALPH P. CARUSO, JR., | : | |
| Movant | : | |
| | : | Motion to Modify Plan |
| v. | : | |
| | : | |
| CHARLES J. DEHART III ESQ., | : | |
| CHAPTER 13 TRUSTEE | : | |
| | : | |
| Respondent | : | |

# OPINION[1]

### I.      Procedural History

On March 22, 2010, the Debtor, Ralph Caruso ("Caruso"), filed the Debtor's Motion to Amend Chapter 13 Plan After Confirmation ("Motion") and also filed a plan with the proposed modifications.  The Chapter 13 Trustee ("Trustee") objected to the Motion and the proposed plan.  After a hearing, the parties were instructed to file briefs to support their positions.  As both briefs have been filed, this matter is now ripe for adjudication.  For the reasons set forth below, the Trustee's objection is overruled and  the Modified Plan is hereby approved.

### II.      Background

Caruso filed a petition for Chapter 13 relief on April 7, 2008.  Caruso's initial Chapter 13 Plan ("Confirmed Plan") was confirmed on June, 18, 2008.  The deadline for filing a proof of

---

[1]      Drafted with the assistance of William C. Blasses, Esq., Law Clerk

claim was set for August 17, 2008. The Confirmed Plan, in part, provided for the claim of

Countrywide Home ("Countrywide"). Schedule D filed at Docket Number 1 indicates

Countrywide's claim is secured by a mortgage on Caruso's residence. The Confirmed Plan

provided Countrywide would receive regular payments outside of the plan. The Confirmed Plan

also provided for mortgage arrears to Countrywide in the amount of $4,594.00. Countrywide has

not filed a proof of claim in this Chapter 13 case.

On March 22, 2010, Caruso filed a Motion to modify the Confirmed Plan and also filed a

plan with the proposed modification ("Modified Plan"). The Modified Plan lists Countrywide as

a creditor to be paid through the plan and proposes the same treatment provided in the

Confirmed Plan. The Trustee filed an Objection to the Motion to modify and the proposed

Modified Plan. At a hearing on May 18, 2010, Caruso and the Trustee were directed to file

briefs to support their respective positions.

### III. Discussion

The Trustee maintains that the Modified Plan violates 11 U.S.C. § 1325(a)(6)[2]. He

argues that the Modified Plan lacks feasibility because it provides for payments to be made to

Countrywide despite the absence of a filed proof of claim. Trustee's Br. p. 2. Specifically, the

Trustee argues that a secured creditor may not receive payments under the plan without filing a

proof of claim. Trustee's Br. p. 5. In support of the Trustee's contention, the Trustee cites to

Federal Rule of Bankruptcy Procedure 3021, which provides, in relevant portion:

---

[2]     Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. §
101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No.
109-8, 119 Stat. 37 ("BAPCPA").

2

> Except as provided in Rule 3020(e), after a plan is confirmed, distribution shall be made to creditors whose claims have been allowed, to interest holders whose interests have not been disallowed, and to indenture trustees who have filed claims under Rule 3003(c)(5) that have been allowed.

The Trustee points to the language regarding distribution being made "to creditors whose claims have been allowed" as the basis for the objection to the Modified Plan. The Trustee argues that the language of Federal Rule of Bankruptcy Procedure 3021 should be interpreted to only result in payments to those creditors who have "allowed claims".

The allowance of claims is generally governed by § 502. Section 502(a) provides that: "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, . . . objects." The reference to § 501 is in regards to filing a proof of claim. The Trustee concludes, therefore, that the Trustee may refrain from making payments to any secured creditor who was provided for in the plan if no proof of claim has been filed.

Caruso, on the other hand, maintains that Countrywide's treatment in the Modified Plan is identical to Countrywide's treatment in the Confirmed Plan. Debtor's Br. p. 4-5. Caruso argues that § 1327(a) and the doctrines of res judicata and finality bind the Trustee to the terms of the Confirmed Plan. Debtor's Br. p. 5-6. Section 1327(a) provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." Caruso maintains that the Modified Plan otherwise meets the requirements of § 1329 and § 1325(a) and, therefore, the Trustee's objection should be overruled. Debtor's Br. p. 5.

While I appreciate these arguments, all that is presently before the Court is the Motion

Case 5:08-bk-50972-RNO    Doc 59    Filed 08/06/10    Entered 08/06/10 15:03:10    Desc
Main Document      Page 3 of 7

and the Trustee's objection to the Motion. The Trustee seeks a determination of whether, based on the language of the Confirmed and Modified Plans, the Trustee may refrain from making payments to Countrywide; that issue is not properly before me. See Trustee's Br. p. 5-6. Rather, I need only decide whether to sustain or overrule the Trustee's objection that the Modified Plan lacks feasibility.

At the outset, I note my surprise that neither party exercised his right under Federal Rule of Bankruptcy Procedure 3004 to file a proof of claim on behalf of the secured creditor, Countrywide. The Trustee maintains that, as a policy, he does not file proofs of claims on behalf of creditors. Trustee's Br. p. 1. Caruso maintains only that no proof of claim needs to be filed on behalf of a secured creditor. Debtor's Br. p. 6. I do not commend these positions to other practitioners. The simple filing of a proof of claim by either party in this case would have saved considerable time and expense for both parties. Still, the Court must address the case as presented.

Modification of a plan after confirmation is governed by § 1329. Section 1329(b)(1) incorporates into the requirements for modification several sections of the Bankruptcy Code, §§ 1322(a), 1322(b), 1323(c), and 1325(a). The Trustee's objection is grounded in § 1325(a)(6) which requires that "the debtor will be able to make all payments under the plan and to comply with the plan." This is commonly referred to as the "feasibility requirement." See *In re Stonier*, 417 B.R. 702, 704-705 (Bankr. M.D.Pa. 2009) (citing *In re Porter*, 370 B.R. 891, 893 (Bankr. M.D.Pa. 2007). Caruso's argument appears to be that the objection is a collateral attack on the previously Confirmed Plan and should be overruled as it pertains to a part of the Confirmed Plan that is not being changed in the Modified Plan.

4

Consistent with Caruso's view, this Circuit has found that the finality underlying § 1327 creates a binding effect on parties, even when a plan fails to comply with § 1325(a) of the Code. *In re Szostek*, 886 F.2d 1405, 1411-1412 (3d Cir. 1989)( "§ 1325(a) contains sufficient conditions for confirmation of a chapter 13 plan, but not necessary conditions for confirmation of a chapter 13 plan. Thus, as written, § 1325(a) does not contain requirements for confirmation."). This binding effect, even in the face of non-compliance with the Federal Rules of Bankruptcy Procedure, was reiterated in the recent Supreme Court case *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367 (U.S. 2010). In *Espinosa*, the United States Supreme Court declined to allow an attack on a prior confirmation order even while expressing concern for the potential of "bad-faith litigation tactics" in proposing plans that do not comply with the requirements of the Federal Rules of Bankruptcy Procedure. *Id.* at 1382.

The present procedural posture is similar to that in *In re York*, 250 B.R. 842, 846-848 (Bankr. D.Del. 2000). In *York*, a plan was confirmed, and the debtor later made a motion to modify the plan. *Id.* at 844. A creditor objected to the proposed modified plan arguing that it violated the Federal Rules of Bankruptcy Procedure and the Bankruptcy Code. *Id.* at 845-846. The court specifically considered whether the creditor could "object to its treatment in the Debtors' confirmed plan where the Debtors seek to modify the plan and the modification does not address, affect, or change [the creditor's] position." *Id.* at 846. It found that the policy of finality and the provisions of § 1327 "abrogated" the creditor's ability to object. *Id.* at 847. I recognize that here the objector is the Trustee, rather than a creditor. I do not see this as a differentiating factor.

The Trustee cites *In re Baldridge*, 232 B.R. 394 (Bankr. N.D.Ind. 1999) and *In re Mehl*,

5

2005 WL 2806676 (Bankr. C.D.Ill. 2005) for the proposition that a proof of claim must be filed

for a secured creditor to receive distributions through a confirmed plan. However, as recognized

by the court in *In re Mehl*, 2005 WL 2806676, *1 (Bankr. C.D.Ill. 2005), there is a split in

authority as to whether a proof of claim needs to be filed for a secured creditor to receive

distributions pursuant to a confirmed plan. Indeed, those decisions which find such a

requirement appear to come to the opposite result of some decisions rendered by courts in the

Third Circuit. *See, e.g., In re Miller*, 2007 WL 81052, *6 (Bankr. W.D.Pa. 2007); *In re Dennis*,

230 B.R. 244, 252-253 (Bankr. D.N.J. 1999).

 In the instant case, the Trustee raises an issue that was present at the confirmation of the

Confirmed Plan. Sustaining the Trustee's objection would not make a difference in the present

case as the language objected to in the Modified Plan is identical to that contained in the

Confirmed Plan. The Trustee's objection is grounded in the feasibility of the plan, § 1325(a)(6),

and it involves facts and issues that were present at the June 17, 2008 confirmation hearing. The

Modified Plan contains the same language with respect to Countrywide that was in the

Confirmed Plan. Countrywide had not filed a proof of claim at the time of confirmation, or as of

the date hereof. The fact that the deadline for filing a proof of claim lapsed after the

confirmation hearing is not material to the present objection. Consistent with § 1327, I find that

the Trustee is bound by the provisions of the Confirmed Plan and that the policy of finality

precludes the Trustee from objecting to the identical language regarding Countrywide in the

Modified Plan.

 I need not reach the issue of whether Countrywide is entitled to payments under either

the Confirmed Plan or the Modified Plan, as all that is properly before me is the Trustee's

6

objection to the Motion to modify the plan and the proposed Modified Plan. Additionally, I make no determination of the effect of confirmation and any future discharge on the rights of Countrywide with respect to any claim for prepetition arrears. See *In re Padilla*, 389 B.R.409, 419-420 (Bankr. E.D.Pa. 2008) (noting the exception to discharge created by § 1328(a)(1)).

## IV. Conclusion

For the reasons set forth above, the Trustee's objection is overruled and the Modified Plan is hereby approved. An Order will be entered consistent with the foregoing Opinion.

By the Court,

_____
Robert N. Opel, II, Bankruptcy Judge
(BI)

Date: August 6, 2010

7